**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-1969**

_____

MONIQUE P. HOWARD,

Plaintiff - Appellee,

versus

KING'S CROSSING, INCORPORATED; ROSEPARK, LLC;
ERIC FEDEWA,

Defendants - Appellants,

and

COUNCIL OF UNIT OWNERS OF KING'S CROSSING
CONDOMINIUM, INCORPORATED,

Defendant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District Judge.
(8:04-cv-02966-AW)

_____

Submitted: January 14, 2008      Decided: February 19, 2008

_____

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and Liam
O'GRADY, United States District Judge for the Eastern District of
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

Neil S. Hyman, SELZER, GURVITCH, RABIN & OBECNY, CHTD., Bethesda, Maryland, for Appellants.  Cheryl Chapman Henderson, College Park, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monique Howard brought this action under Maryland law, alleging various contract and tort claims arising from her purchase of a condominium from King's Crossing, Inc. ("King's"). Defendants King's; Rosepark, LLC; and Eric Fedewa (collectively "Defendants") removed the case to federal court and moved to dismiss or to stay based on the arbitration clause contained in the condominium's sales agreement. The district court denied the motion, concluding that the arbitration clause failed for want of consideration and for unconscionability, and Defendants now appeal.[1] Finding no error, we affirm.

Defendants first contend that the district court erred by considering the validity of the arbitration clause rather than by leaving this question to the arbitrator. Defendants' argument is foreclosed by the Supreme Court's decision in <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440 (2006). There, the Court held that challenges to the validity of a contract as a whole must be considered in the first instance by an arbitrator, while challenges to an arbitration clause or agreement can be considered by the courts. <u>Id.</u> at 449. Although Howard's complaint challenges the validity of the sales agreement as a whole, her response to Defendants' motion to dismiss/stay asserts that the arbitration

---

[1]The district court's order is immediately appealable under 9 U.S.C. § 16.

3

clause is invalid for reasons distinct from those raised in the complaint. The issue before the district court, therefore, was the validity of the arbitration clause, and under Buckeye the court was empowered to determine this issue in the first instance.

Defendants next argue that the district court erred by concluding that the arbitration clause failed for want of consideration and for unconscionability. Again, case law forecloses Defendants' position. We summarized the applicable Maryland law in Hill v. Peoplesoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005), as follows:

> Because this case involves the question of whether the Arbitration Agreement was a valid contract, we turn to Maryland law. . . . Under Maryland law, to be binding and enforceable, an arbitration agreement must be a valid contract. Cheek v. United Healthcare of Mid-Atlantic, Inc., 835 A.2d 656, 661 (Md. 2003). . . . [T]o be binding and enforceable, a contract must be supported by consideration. Id. at 661. A "promise becomes consideration for another promise only when it constitutes a binding obligation." Id. Unlike a binding obligation, an "'illusory promise' appears to be a promise, but it does not actually bind or obligate the promisor to anything." Id. at 662. Because an illusory promise is not binding on the promisor, an illusory promise cannot constitute consideration. Id.

In Hill, we found that both parties had promised to arbitrate all of their disputes except for a few enumerated exceptions. We therefore concluded that the arbitration agreement was supported by mutual consideration in the form of binding mutual promises to arbitrate. In contrast, in Cheek, the Maryland Court of Appeals examined an arbitration agreement in which both parties promised to

4

arbitrate their disputes but in which one party reserved the right to modify or revoke the agreement at any time. The Cheek court held that the right to modify or revoke the arbitration agreement rendered the party's promise to arbitrate illusory; and because there was no valid promise, the arbitration agreement failed for want of consideration.

We believe the arbitration clause in this case similarly fails. In the sales agreement, Howard agreed to arbitrate her disputes against Defendants and to waive any right to proceed in a court of law. Defendants, on the other hand, made no corresponding promise. Rather, they reserved the right to seek specific performance of the agreement in any court of competent jurisdiction and/or to sue Howard for damages. Defendants' "promise" is not merely illusory, it is nonexistent. Under Cheek, the arbitration clause clearly fails for want of mutual consideration.[2]

Accordingly, we affirm the denial of Defendants' motion to dismiss/stay. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]We do not reach the question of whether the arbitration clause is unconscionable.

5