**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAN RYAN BUILDERS,
INCORPORATED,

        *Petitioner-Appellant,*

v.

NORMAN C. NELSON; ANGELIA
NELSON,

        *Respondents-Appellees.*

No. 11-1215

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
John Preston Bailey, Chief District Judge.
(3:10-cv-00076-JPB-JES)

Argued: March 20, 2012

Decided: May 10, 2012

Before KEENAN and FLOYD, Circuit Judges, and
Norman K. MOON, Senior United States District Judge for
the Western District of Virginia, sitting by designation.

Order of Certification of a question of law to the Supreme
Court of Appeals of West Virginia. Judge Keenan prepared
the order, in which Judge Floyd and Senior Judge Moon
joined.

## COUNSEL

**ARGUED:** Susan Renee Snowden, MARTIN & SEIBERT, LC, Martinsburg, West Virginia, for Appellant. Lawrence M. Schultz, BURKE, SCHULTZ, HARMAN & JENKINSON, Martinsburg, West Virginia, for Appellees. **ON BRIEF:** Paul B. Weiss, MARTIN & SEIBERT, LC, Martinsburg, West Virginia, for Appellant.

---

## ORDER

BARBARA MILANO KEENAN, Circuit Judge:

The United States Court of Appeals for the Fourth Circuit, exercising the privilege afforded to it by the State of West Virginia through the Uniform Certification of Questions of Law Act, West Virginia Code §§ 51-1A-1 through 51-1A-13, requests that the Supreme Court of Appeals of West Virginia exercise its discretion to answer the following question:

> Does West Virginia law require that an arbitration provision, which appears as a single clause in a multi-clause contract, itself be supported by mutual consideration when the contract as a whole is supported by adequate consideration?

This Court acknowledges that the Supreme Court of Appeals may restate this question. *See* W. Va. Code §§ 51-1A-4, 51-1A-6(a)(3).

The material facts of the case before us are not in dispute. Dan Ryan Builders, Inc., (DRB) constructed a new home in Berkeley County, West Virginia, and entered into a contract with Norman Nelson for the sale and purchase of that home. The contract contained an arbitration provision (the arbitration provision) that states, in part,

> [t]he parties . . . acknowledge that they are and shall be bound by arbitration and are barred from initiating any proceeding or action whatsoever in connection with this Agreement.

In the same arbitration provision, however, DRB reserved the right to seek arbitration *or* to file an action for damages if Nelson "fail[ed] to settle on the Property within the time required under [the] Agreement."

Despite his contractual promise to submit any claim to arbitration, Nelson, along with his wife Angelia Nelson (collectively, the Nelsons), filed an action against DRB in the Berkeley County Circuit Court seeking damages for certain alleged defects in the construction of the home. DRB later filed a petition in federal district court under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 through 17, seeking to compel the Nelsons to submit their claims to arbitration.

In response to DRB's petition, the Nelsons argued in the district court that the arbitration provision was unenforceable as a matter of law because it was not supported by mutual consideration, notwithstanding the fact that the contract as a whole was supported by adequate consideration. The Nelsons contended that the arbitration provision lacked mutual consideration because it permitted DRB to initiate litigation to resolve certain types of disputes, but restricted the Nelsons to the forum of arbitration for resolving any dispute with DRB.

The district court agreed with the Nelsons, dismissing DRB's motion to compel arbitration. *Dan Ryan Builders, Inc. v. Nelson*, 2010 WL 5418939 (N.D. W. Va. Dec. 23, 2010). The district court held that while DRB had satisfied preliminary requirements to compel arbitration under the FAA, the arbitration provision was unenforceable as a matter of law for want of mutual consideration. *Id.* DRB timely filed this appeal.

On appeal, DRB argues that the district court erred in denying DRB's motion to compel arbitration. According to DRB, West Virginia law requires that courts review contracts in their entirety, rather than focusing on a single provision, when deciding whether consideration is adequate. DRB contends that its position is supported by the Supreme Court's decision in *Marmet Health Care Center, Inc. v. Brown*, 132 S. Ct. 1201 (2012), which was issued after the district court's decision in this case.

The Nelsons advance the contrary contention that West Virginia law requires mutual consideration within an arbitration provision, regardless whether the contract as a whole is supported by adequate consideration. In support of their argument, the Nelsons rely on *Saylor v. Wilkes*, 613 S.E.2d 914, 923-24 (W. Va. 2005), a decision cited by the district court.

In our view, however, neither *Marmet* nor *Saylor* answers the question presented in the case before us. In *Marmet*, the Supreme Court reviewed the decision rendered by the West Virginia Supreme Court of Appeals (the state court) in *Brown v. Genesis Healthcare Corp.*, 2011 WL 2611327 (W. Va. June 29, 2011) (vacated). There, the state court held that, as a matter of public policy under West Virginia law, "an arbitration clause in a nursing home admission agreement adopted prior to an occurrence of negligence that results in a personal injury or wrongful death, shall not be enforced to compel arbitration of a dispute concerning [ ] negligence." *Brown*, 2011 WL 2611327 at *29. The state court alternatively held that two of the contested arbitration clauses at issue in the appeal were "unconscionable and unenforceable" against the plaintiffs in those cases. *Id.* at *30.

On appeal, the Supreme Court vacated the state court's public policy determination that pre-dispute arbitration agreements are unenforceable in cases of personal injury and wrongful death claims. The Court held that the state court decision violated the FAA as an unlawful categorical prohibi-

tion of arbitration. *Marmet*, 132 S. Ct. at 1203-04. The Supreme Court further held that the state court's alternative holding may have been influenced by the state court's public policy determination. *Id.* at 1204. The Supreme Court therefore remanded the case to the state court for a determination whether, absent the public policy considerations, the arbitration clauses were otherwise enforceable based on state common law principles. *Id.*

Although two of the arbitration clauses reviewed in *Marmet* contained provisions that were not mutually coextensive regarding the parties' obligation to arbitrate, similar to the arbitration provision at issue before us, the Supreme Court's holding was limited to the state court's consideration of public policy under West Virginia law. Neither the Supreme Court nor the state court addressed the separate issue whether the arbitration provisions failed for want of mutual consideration. Therefore, we conclude that *Marmet* does not resolve the issue before us.

We also conclude that the holding in *Saylor* is not applicable to the present case. There, a prospective employee had executed an arbitration agreement with an agency hired by the employer to resolve employment disputes. *Saylor*, 613 S.E.2d at 917. In that agreement with the agency, the prospective employee promised that, if hired, she would submit all employment-related disputes to arbitration. *Id.* The Supreme Court of Appeals of West Virginia held that the arbitration agreement was unenforceable because it contained a material misrepresentation that the employer was required to arbitrate any disputes with its employees, and because of the "gross imbalance of values exchanged." *Id.* at 924. The court further held that the employer's promise to review the prospective employee's employment application provided insufficient consideration for the prospective employee's promise to arbitrate all employment-related claims. *Id.*

Unlike the arbitration provision at issue before us, the arbitration agreement in *Saylor* was a separate contract entered

into between the employee and the dispute resolution agency, a third party to the employment contract. Significantly, the employer in *Saylor* was not a party to the arbitration agreement executed by the prospective employee. In contrast, the arbitration provision before us is part of a multi-clause contract between parties who both made certain promises regarding arbitration and other substantive rights. Therefore, the holding in *Saylor* that the arbitration agreement failed for want of consideration does not answer the question presented in this case.

The question before us likewise is unanswered by our unpublished decision in *Howard v. King's Crossing, Inc.*, 264 F. App'x. 345 (4th Cir. Feb. 19, 2008), which is not binding precedent and on which the district court relied. In *Howard*, a purchaser of a condominium filed an action in Maryland state court alleging contract and tort claims against the seller of the condominium. *Id.* at 346. The seller removed the case to federal district court and sought to dismiss the action based on the mandatory arbitration clause contained in the parties' sales contract. *Id.* That arbitration clause was similar to the clause at issue before us permitting the seller, but not the buyer, to file a legal action based on certain types of disputes. *See id.* at 347. Applying Maryland law, we held that the arbitration clause was unenforceable because it was not supported by mutual consideration. *Id.*

Our holding in *Howard* was based on our application of Maryland law, because we are required to apply principles of state law in resolving questions concerning the validity, revocability, or enforceability of contracts. *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). Under Maryland contract law, an arbitration provision must contain a mutually coextensive exchange of promises to arbitrate, regardless whether the contract as a whole is supported by adequate consideration. *See Cheek v. United Healthcare of the Mid-Atlantic, Inc.*, 835 A.2d 656, 665 (Md. 2003) (citing *Holmes v. Coverall N. Am., Inc.*, 649 A.2d 365, 370 (Md. 1994)).

In the case before us, because the parties' contract is governed by West Virginia law, we are not permitted to rely on our holding in *Howard*. We additionally observe that at least one other state in this Circuit has established precedent contrary to the law in Maryland on this issue. Under North Carolina law, when a contract as a whole is supported by adequate consideration, there is no requirement that an arbitration provision contained in that contract subject all parties to the contract to the same arbitration obligations. *Tillman v. Commercial Credit Loans, Inc.*, 629 S.E.2d 865, 874-75 (N.C. Ct. App. 2006), *rev'd on other grounds*, 655 S.E.2d 362 (N.C. 2008). These conflicting views of the state appellate courts in Maryland and North Carolina illustrate the importance of certifying this issue to the Supreme Court of Appeals of West Virginia for resolution of this issue of West Virginia law.

Because we are unaware of any controlling decisions from West Virginia on this determinative question, we conclude that this unresolved issue of West Virginia law is properly subject to review by the Supreme Court of Appeals of West Virginia upon this Court's certification of the question. *See* W. Va. Code § 51-1A-3.

The names and addresses of counsel of record for the parties are:

> *Counsel for DRB*
> Susan R. Snowden
> Paul B. Weiss
> Martin & Seibert, L.C.
> 1453 Winchester Avenue
> P.O. Box 1286
> Martinsburg, WV 25402
>
> *Counsel for Nelson*
> Lawrence M. Schultz
> Burke, Schultz, Harman & Jenkinson

1444 Edwin Miller Boulevard
P.O. Box 1938
Martinsburg, WV 25401-1938

Under the privilege made available by the West Virginia Uniform Certification of Questions of Law Act, it is hereby ORDERED:

(1) That the question stated above be, and the same hereby is, certified to the West Virginia Supreme Court of Appeals; and

(2) That the Clerk of this Court forward to the Supreme Court of Appeals of West Virginia, under the official seal of this Court, a copy of this order and, to the extent requested by the West Virginia Supreme Court of Appeals, the original or a copy of the record in this Court; and

(3) That any request for all or part of the record be fulfilled by the Clerk of this Court simply upon notification from the Clerk of the Supreme Court of Appeals.

This Order is entered by Circuit Judge Keenan, with the concurrence of Circuit Judge Floyd and Senior District Judge Moon.

*QUESTION CERTIFIED*

FOR THE COURT:

BARBARA MILANO KEENAN
United States Circuit Judge