**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1215**

DAN RYAN BUILDERS, INCORPORATED,

        Petitioner - Appellant,

    v.

NORMAN C. NELSON; ANGELIA NELSON,

        Respondents - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:10-cv-00076-JPB-JES)

Argued: March 20, 2012         Decided: January 29, 2013

Before KEENAN and FLOYD, Circuit Judges, and Norman K. MOON, Senior United States District Judge for the Western District of Virginia, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Susan Renee Snowden, MARTIN & SEIBERT, LC, Martinsburg, West Virginia, for Appellant. Lawrence M. Schultz, BURKE, SCHULTZ, HARMAN & JENKINSON, Martinsburg, West Virginia, for Appellees. **ON BRIEF:** Paul B. Weiss, MARTIN & SEIBERT, LC, Martinsburg, West Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The procedural and factual background of this case is discussed in our prior published order, in which, pursuant to the Uniform Certification of Questions of Law Act, W. Va. Code §§ 51-1A-1 through 51-1A-13, this Court certified to the Supreme Court of Appeals of West Virginia the following question:

> Does West Virginia law require that an arbitration provision, which appears as a single clause in a multi-clause contract, itself be supported by mutual consideration when the contract as a whole is supported by adequate consideration?

Dan Ryan Builders, Inc. v. Nelson, 682 F.3d 327, 327 (4th Cir. 2012). The West Virginia court accepted our request and answered this question. Dan Ryan Builders, Inc. v. Nelson, No. 12-0592, 2012 WL 5834590 (W. Va. Nov. 15, 2012).

The West Virginia court recognized that litigants, such as the plaintiffs in this case, often challenge the enforceability of arbitration clauses that do not impose equal duties to arbitrate on both contracting parties. As the West Virginia court noted, those litigants frequently challenge such arbitration clauses on the ground that the clauses "lack consideration" or "lack mutuality of obligation." Id. at *6.

In accord with the majority of courts that have addressed the issue, the West Virginia court held that "West Virginia's law of contract formation only requires that a contract as a whole be supported by adequate consideration." Id. at *2, 6.

2

Therefore, "a single clause within a multi-clause contract," here, the arbitration clause, "does not require separate consideration." Id. at *2. In view of the West Virginia court's holding, the district court's contrary conclusion cannot stand.

In its answer to our certified question, the West Virginia court further explained, however, that mutuality of obligation or a lack thereof properly may be considered when a court assesses whether a contract or term therein is unconscionable under West Virginia law. Id. at *7. The West Virginia court was careful to emphasize that any such review concerning unconscionability requires an inquiry that is case-specific, and cannot be conducted in a manner targeting arbitration provisions for disfavored treatment. Id. at *9. Nevertheless, under West Virginia's unconscionability doctrine, a court "may decline to enforce a contract clause-such as an arbitration provision-if the obligations or rights created by the clause unfairly lack mutuality." Id.

In the present case, the parties disputed whether the arbitration clause in this case was unconscionable under West Virginia law. The district court did not rule on that issue. Because the issue of unconscionability is a fact-specific determination, we conclude that this issue is appropriately decided in the first instance by the district court.

3

Accordingly, we vacate the judgment of the district court, and remand for further proceedings consistent with this opinion and the opinion of the West Virginia court.

<u>VACATED AND REMANDED</u>