*338 WYNN, Circuit Judge,
dissenting:
As the majority opinion makes plain, the parties’ central dispute in this case strikes at the heart of the often-delicate balance between state and federal priorities and the responsibility of local governments to safeguard their communities and protect their citizens. With these weighty matters in mind, and due to the relative paucity of guidance from the West Virginia courts on the question at hand—some of which is in tension with the majority opinion’s result—I write separately to express my view that this significant and dispositive question of state law would be best resolved through certification to the Supreme Court of Appeals of West Virginia.
My belief that the present dispute is best resolved through certification principally stems from the decision of the Supreme Court of Appeals of West Virginia in Sharon Steel Corp. v. City of Fairmont, 175 W.Va. 479, 334 S.E.2d 616 (1985). Sharon Steel involved a ban on the permanent. disposal of hazardous waste within the limits of the city of Fairmont, West Virginia. See 334 S.E.2d at 618. Like the case at hand, the ordinance was adopted against the backdrop of comprehensive state and federal regimes regulating the storage and disposal of such waste. 334 S.E.2d at 618. And, the relevant state statutes included savings clauses preserving the ability of persons to bring nuisance actions under state law. Id. at 622-23.
Affirming the challenged ban, the Supreme Court of Appeals of West Virginia construed the statute narrowly to bar only the improper handling of hazardous waste within the city. See id. at 620. So construed, the court explained, the ordinance was “directed at abating a public nuisance condition, rather than a regulatory ordinance designed to deal with the management and control over the disposal of hazardous wastes.” Id. at 622. In light of this distinction, the court found no conflict between the challenged ordinance and the state’s broader regulation of hazardous waste. Id. In particular, the court emphasized that the savings clauses included in the relevant state statutes ensured that “an ordinance passed by a municipality declaring the permanent disposal of hazardous wastes ... to be a public nuisance is not pre-empted” under state law. Id. at 624.
In the years since Sharon Steel was decided, the Supreme Court of Appeals of West Virginia has not had occasion to revisit or clarify its central holding affirming the ability of local governments to prohibit potentially harmful activities within their jurisdictions. Nonetheless, as the majority opinion explains, elements of the Sharon Steel Court’s analysis suggest that the provision at issue here—unlike the provision the court considered in that case—may be preempted under state law. See ante at 329.
Absent a controlling appellate decision or other positive state law conclusively resolving this consequential issue, however, I believe the dispositive state-law question raised in this ease should be answered by seeking the guidance of the Supreme Court of Appeals of West Virginia pursuant to the state’s Uniform Certification of Questions of Law Act, W. Va. Code § 51-1A et seq. Doing so would be consistent with our practice of routinely deferring to the Supreme Court of Appeals of West Virginia in resolving unsettled issues of state law in disposing of matters within our jurisdiction. See, e.g., Schoene v. McElroy Coal Co., No. 16-1788, — Fed.Appx. -, 2017 WL 3037455 (4th Cir. July 18, 2017); Brickstreet Mut. Ins. Co. v. Zurich Am. Ins. Co., No. 16-2204, — Fed.Appx. -, 2017 WL 2804913 (4th Cir. June 28, 2017); McNair v. Johnson & Johnson, No. 15-1806, 694 Fed.Appx. 115, 2017 WL *339 2333843 (4th Cir. May 30, 2017); Dan Ryan Builders, Inc. v. Nelson, 682 F.3d 327 (4th Cir. 2012), certified question answered, 230 W.Va. 281, 737 S.E.2d 550 (2012); Bragg v. United States, 488 Fed.Appx. 672 (4th Cir. 2012), certified question answered, 230 W.Va. 532, 741 S.E.2d 90 (2013).
In keeping with this practice, certification in this case would ensure that we do not adopt a rule with broad implications for environmental regulation in West Virginia—and, perhaps, the balance of state and local authority in the state more generally—based on unsettled precedent. Accordingly, I respectfully dissent from the decision to undertake this analysis without the aid of the body empowered by the citizens of West Virginia to answer this important issue of state law in the first instance.
Attachment
*340 [[Image here]]
*341 [[Image here]]