IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2017 Term

_____

No. 16-1131

_____

FILED

**November 7, 2017**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

SWN PRODUCTION COMPANY, LLC,
Defendant Below, Petitioner

v.

RICHARD E. LONG and MARY D. LONG,
Plaintiffs Below, Respondents

_____

Appeal from the Circuit Court of Marshall County
The Honorable David Hummel, Judge
Civil Action No. 16-C-67

REVERSED AND REMANDED

_____

Submitted: October 18, 2017
Filed: November 7, 2017

Ancil G. Ramey, Esq.
Steptoe & Johnson PLLC
Huntington, West Virginia

Kristen Andrews Wilson, Esq.
Steptoe & Johnson PLLC
Wheeling, West Virginia

Allison J. Farrell, Esq.
Steptoe & Johnson PLLC
Bridgeport, West Virginia
Counsel for the Petitioner

James G Bordas, Jr., Esq.
Jeremy M. McGraw, Esq.
James B. Stoneking, Esq.
Bordas & Bordas, PLLC
Wheeling, West Virginia
Counsel for the Respondents

JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "An order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine."  Syllabus Point 1, *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 745 S.E.2d 556 (2013).

2.      "When an appeal from an order denying a motion to dismiss and to compel arbitration is properly before this Court, our review is de novo." Syllabus Point 1, *West Virginia CVS Pharmacy, LLC v. McDowell Pharmacy, Inc.*, 238 W. Va. 465, 796 S.E.2d 574 (2017).

3.      "Under the Federal Arbitration Act, 9 U.S.C. § 2, parties are only bound to arbitrate those issues that by clear and unmistakable writing they have agreed to arbitrate.  An agreement to arbitrate will not be extended by construction or implication." Syllabus Point 10, *Brown v. Genesis Healthcare Corp.*, 228 W. Va. 646, 724 S.E.2d 250 (2011), *overruled on other grounds by Marmet Health Care Ctr., Inc v. Brown*, 565 U.S. 530 (2012).

4.      "Under the Federal Arbitration Act, 9 U.S.C. § 2, and the doctrine of severability, only if a party to a contract explicitly challenges the enforceability of an arbitration clause within the contract, as opposed to generally challenging the contract as a whole, is a trial court permitted to consider the challenge to the arbitration clause.

i

However, the trial court may rely on general principles of state contract law in determining the enforceability of the arbitration clause. If necessary, the trial court may consider the context of the arbitration clause within the four corners of the contract, or consider any extrinsic evidence detailing the formation and use of the contract." Syllabus Point 4, *State ex rel. Richmond American Homes of West Virginia, Inc. v. Sanders*, 228 W. Va. 125, 717 S.E.2d 909 (2011).

5.    "The mere fact that parties do not agree to the construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be determined by the court." Syllabus Point 1, *Berkeley Co. Pub. Serv. Dist. v. Vitro Corp.*, 152 W. Va. 252, 162 S.E.2d 189 (1968).

WALKER, Justice:

Petitioner SWN Production Company, LLC and Respondents Richard and Mary Long are parties to an oil and gas lease that includes an arbitration provision. When Respondents sued Petitioner to recover payments to which they claim to be entitled under the lease and various other damages, Petitioner urged the circuit court to dismiss the case and compel arbitration. Respondents countered that references in other parts of the lease to "any court of competent jurisdiction" or "a civil action" invalidated the arbitration provision. The circuit court agreed. However, we find that the arbitration provision is clear and unambiguous and thus reverse the circuit court's order and remand with directions that the case be dismissed and referred to arbitration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute between the parties regarding Respondents' mineral interests underlying real property located in Marshall County, West Virginia. Respondents allege that pursuant to the provisions of an oil and gas lease (Lease) with Petitioner's predecessor in interest executed on December 15, 2008, they are entitled to an up-front bonus payment of $113,710.00 ($1,000 per acre) in consideration for execution of the Lease but only received $44,544.00.[1] Respondents' complaint seeks (1)

---

[1] Petitioner represents in its brief that ALL Resources assigned its rights under the Lease to Chesapeake Appalachia, LLC ("Chesapeake"), who subsequently assigned all of
(continued . . .)

1

a declaration that the Lease is invalid as a result of Petitioner's failure to pay the full bonus amount; (2) rescission of the Lease and damages for unjust enrichment; (3) damages for trespass and conversion; (4) damages for intentional infliction of emotional distress; (5) an injunction to prohibit any re-entry onto their property; and (6) punitive damages. Petitioner filed a motion to compel arbitration and to dismiss Respondents' complaint, relying on the following arbitration provision in the Lease:

> ARBITRATION. In the event of a disagreement between Lessor and Lessee concerning this Lease, performance thereunder, or damages caused by Lessee's operations, the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association. All fees and costs associated with the arbitration shall be borne equally by Lessor and Lessee.

In its order denying Petitioner's motion to compel arbitration, the circuit court found ambiguity in the Lease's arbitration provision, explaining:

> 18. Upon review of the lease language . . . the Court has determined that the lease language regarding arbitration is indeed ambiguous.

> 19. To be clear, the Plaintiffs have not argued that the entire lease is invalid, therefore the arbitration clause is invalid. The Plaintiffs' underlying case may make that allegation, but the challenge to the arbitration clause does not. The challenge to the arbitration provision is limited to the issues of ambiguity and assent.

---

its interests to Petitioner. Thus, Petitioner is now the party in interest with respect to the subject Lease.

20. The references to "courts of competent jurisdiction" and "civil actions" demonstrate ambiguity as to the ability to proceed with disputes in the civil court system as opposed to arbitration.[2]

---

[2] Specifically, the two provisions of the Lease relied upon by the circuit court state as follows:

*SEVERABILITY*. This Lease is intended to be in conformity with all laws, rules, regulations and orders and interpreted as such. If any provision of this Lease is held invalid or unenforceable by *any court of competent jurisdiction*, the other provisions of this Agreement will remain in full force and effect. Any provision of this agreement held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

(B) LIMITATION ON FORFEITURE. This Lease shall never be subject to *a civil action* or proceeding to enforce a claim of termination, cancellation, expiration or forfeiture due to any action or inaction by the Lessee, including but not limited to making any prescribed payments, unless the Lessee has received written notice of Lessor's demand and thereafter fails or refuses to satisfy or provide justification responding to Lessor's demand within 60 days from the receipt of such notice. If Lessee timely responds to Lessor's demand but in good faith disagrees with Lessor's position and sets forth the reasons therefore, such a response shall be deemed to satisfy this provision, this Lease shall continue in full force and effect and no further damages (or other claims for relief) will accrue in Lessor's favor during the pendency of the dispute, other than claims for payments that may be due under the terms of this Lease.

(Emphasis added).

3

Finding that ambiguous contract provisions must be construed against the drafter, the circuit court held that "[t]he ambiguous contract language at issue here much like the ambiguous language in [*State ex rel.*] *Richmond American Homes* [*of West Virginia, Inc. v. Sanders*, 228 W. Va. 125, 717 S.E.2d 909 (2011)] demonstrates a failure of clear and unmistakable assent as to the issue of arbitration." On this basis, the circuit court denied Petitioner's motion to compel arbitration.

## II. STANDARD OF REVIEW

"An order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine."[3] With respect to the applicable standard of review, this Court has held that "[w]hen an appeal from an order denying a motion to dismiss and to compel arbitration is properly before this Court, our review is *de novo*."[4] Additionally, with respect to our review of contractual issues, this Court has stated, "we apply a *de novo* standard of review to [a] circuit court's

---

[3] Syl. Pt. 1, *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 745 S.E.2d 556 (2013).

[4] Syl. Pt. 1, *West Virginia CVS Pharmacy, LLC v. McDowell Pharmacy, Inc.*, 238 W. Va. 465, 796 S.E.2d 574 (2017).

4

interpretation of [a] contract."[5] With these standards in mind, we proceed to consider the parties' arguments.

### III. ANALYSIS

The issue before us is whether the arbitration clause contained in the Lease is enforceable. This Court has stated,

> The [Federal Arbitration Act, 9 U.S.C. § 2 (FAA)] recognizes that an agreement to arbitrate is a contract. The rights and liabilities of the parties are controlled by the state law of contracts. If the parties have entered into a contract (which is valid under state law) to arbitrate a dispute, then the FAA requires courts to honor parties' expectations and compel arbitration.[6]

However, "[u]nder the ["FAA"], . . . parties are only bound to arbitrate those issues that by clear and unmistakable writing they have agreed to arbitrate. An agreement to arbitrate will not be extended by construction or implication."[7] In determining whether a motion to compel arbitration should be granted, courts are required under the FAA to

---

[5] *Id.* at 469, 796 S.E.2d at 578 (quoting *Finch v. Inspectech, LLC*, 229 W. Va. 147, 153, 727 S.E.2d 823, 829 (2012)).

[6] *Schumacher Homes of Circleville, Inc. v. Spencer*, 237 W. Va. 379, 387, 787 S.E.2d 650, 658 (2016) ("*Schumacher Homes II*").

[7] Syl. Pt. 10, *Brown v. Genesis Healthcare Corp.*, 228 W. Va. 646, 724 S.E.2d 250 (2011), *overruled on other grounds by Marmet Health Care Ctr., Inc v. Brown*, 565 U.S. 530 (2012).

5

apply the doctrine of "severability" or "separability," which this Court has explained as

follows:

> The gist of the doctrine is that an arbitration clause in a larger contract must be carved out, severed from the larger contract, and examined separately. The doctrine "treats the arbitration clause as if it is a separate contract from the contract containing the arbitration clause, that is, the 'container contract.'" Under the doctrine, arbitration clauses must be severed from the remainder of a contract, and must be tested separately under state contract law for validity and enforceability.[8]

Regarding the application of this doctrine, we have held:

> Under the Federal Arbitration Act, 9 U.S.C. § 2, and the doctrine of severability, only if a party to a contract explicitly challenges the enforceability of an arbitration clause within the contract, as opposed to generally challenging the contract as a whole, is a trial court permitted to consider the challenge to the arbitration clause. However, the trial court may rely on general principles of state contract law in determining the enforceability of the arbitration clause. *If necessary, the trial court may consider the context of the arbitration clause within the four corners of the contract, or consider any extrinsic evidence detailing the formation and use of the contract.*[9]

In determining if the severed arbitration clause is enforceable under generic principles of

contract law, this Court has further explained that "the trial court can look at other parts

---

[8] *Schumacher Homes II*, 237 W. Va. at 387-88, 787 S.E.2d at 658-59.

[9] Syl. Pt. 4, *Richmond American Homes,* 228 W. Va. 124, 717 S.E.2d 909 (Emphasis added).

of the contract *that relate to, support, or are otherwise entangled with the operation of the arbitration clause*."[10]

Petitioner asserts that the circuit court erred by going outside the arbitration provision itself to find ambiguity; specifically, Petitioner challenges the holding that references to "any court of competent jurisdiction" in an unrelated severability clause and "a civil action" in an unrelated forfeiture clause created an ambiguity invalidating a clear and unambiguous arbitration provision. Petitioner distinguishes our decision in *Richmond American Homes* on the basis that the arbitration clause at issue in that case contained five references within the clause itself to plaintiff's ability to bring suit in a court of law to resolve disputes. Petitioner maintains that, in this case, the severability and forfeiture clauses in the Lease do not create an ambiguity, as neither are inconsistent with the operation of the arbitration clause. Petitioner also maintains that the severability clause applies to an effort to have any provision of the Lease held invalid or unenforceable. However, the action filed in this case involves payment under the Lease, an issue Petitioner contends is clearly covered by the arbitration clause. Petitioner likewise contends that none of Respondents' claims seek a forfeiture.

---

[10] *Schumacher Homes II*, 237 W. Va. at 388, 787 S.E.2d at 659 (Emphasis added).

Conversely, Respondents allege that the contract language is ambiguous because the terms are inconsistent. They assert that because the Lease fails to define the term "arbitration," it is reasonable for an unsophisticated party to believe that court action is not foreclosed when other provisions in the Lease reference "any court of competent jurisdiction" and "civil action." They contend that the arbitration clause, while severed for analysis, cannot be examined in a vacuum, but rather must be interpreted in light of the greater context of the entire Lease pursuant to our decision in *Richmond American Homes* and its progeny. We find Respondents' arguments unconvincing and conclude that the circuit court's denial of Petitioner's motion to compel arbitration was erroneous.

In *Richmond American Homes*, a contractor sought to compel arbitration of claims made by various homeowners seeking damages for improper construction. This Court evaluated an arbitration provision that contained a subsection on mediation that the contractor argued was "part and parcel" of the arbitration provision.[11] In five places within the arbitration provision itself, the mediation provision made reference to the possibility of the parties bringing "court action," "civil action," or relying upon the discretion of a "judge."[12] The circuit court found, and we agreed, that these repeated references to "court action" within the arbitration provision suggested that the plaintiffs

[11] 228 W. Va. at 131, 717 S.E.2d at 915.

[12] *Id.*

8

"retain the ability to vindicate their claims in court," and created an ambiguity with regard to arbitration that should be construed against the contractor, the drafter of the adhesion contract.[13]

> ARBITRATION. In the event of a disagreement between Lessor and Lessee concerning this Lease, performance thereunder, or damages caused by Lessee's operations, *the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association.* All fees and costs associated with the arbitration shall be borne equally by Lessor and Lessee.

In this case, however, the arbitration provision at issue is clear:

(Emphasis added). Given this clear and unmistakable language in the arbitration clause, it was unnecessary for the circuit court to consider the context of the clause within the four corners of the contract or consider any extrinsic evidence detailing the formation and use of the contract.[14] Furthermore, as Petitioner aptly notes, the references within the severability and forfeiture clauses "do not relate to or support the operation of the arbitration clause, nor are they otherwise entangled with its operation."[15] Thus, Respondents' reliance on *Richmond American Homes* is misplaced.

---

[13] *Id.*

[14] Syl. Pt. 4, *Richmond American Homes*.

[15] *Schumacher Homes II*, 237 W. Va. at 388, 787 S.E.2d at 659.

(continued . . .)

9

In *Dytko v. Chesapeake Appalachia, LLC*, No. 5:13CV150, 2014 WL 2440496 (N.D.W.Va. May 31, 2014), the United States District Court for the Northern District of West Virginia addressed this very same argument involving the same lease provisions and found that the severability clause and forfeiture clause did not render the arbitration clause ambiguous.[16] With respect to the arbitration clause itself, the District Court determined that "[the] directive is clear and leaves no doubt concerning the setting of such disputes or the types of disputes that must be arbitrated."[17]

Furthermore, with respect to the references made to "court of competent jurisdiction" and "civil action" in the severability and forfeiture clauses, the District Court determined that the language in these clauses did not alter its finding that the lease was clear and unambiguous concerning the parties duty to arbitrate.[18] The District Court reasoned:

> . . . [T]he arbitration clause makes clear that the parties' disputes concerning the lease are subject to arbitration and, therefore, must be brought in that forum. The

---

[16] Although Respondents' counsel also represented the plaintiffs in *Dytko*, Respondents failed to advise the circuit court of the District Court's decision in that case.

[17] 2014 WL 2440496 at *3.

[18] *Id.*

severability clause does not provide any rights to either party concerning the forum in which they may bring their disputes. As such, the mere reference to a court of competent jurisdiction does not render the arbitration clause's directive that disputes must be decided in arbitration susceptible to any different meaning.

* * *

This Court further finds that the language of the limitation of forfeiture clause also does not render the arbitration clause ambiguous. . . . The entirety of the phrase in the limitation of forfeiture clause referencing a possible civil action states "civil action or proceeding[.]" Therefore, it clearly references the possibility of a proceeding rather than a civil action and never states that a civil action would be the correct forum. The arbitration clause itself makes it clear what the correct forum would be for any possible action concerning forfeiture. Thus, after reading all of the clauses in conjunction with one another, this Court finds that the arbitration clause is not rendered ambiguous based on either the limitation of forfeiture provision or the severability provision.[19]

The District Court also rejected the same argument made by Respondents here regarding the applicability of our decision in *Richmond American Homes*. The District Court found that "in this action, the severability and forfeiture clause is separate and distinct from the arbitration provision. Further, neither clause at issue directs the plaintiffs that they have a right to file a civil action."[20] Accordingly, the District Court

---

[19] *Id.*

[20] 2014 WL 2440496 at *4.

(continued . . .)

11

found that the contract at issue in *Richmond American* was distinguishable from the lease under its consideration, and, thus, the finding in *Richmond American* was not applicable.[21]

Respondents attempt to distinguish the District Court's holding in *Dytko*, contending that the plaintiff in that case was actively engaged in negotiating the terms of the lease with Chesapeake Appalachia. They also argue that the District Court's analysis in *Dytko* was flawed. However, we find their attempt to distinguish *Dytko* unpersuasive; *Dytko's* holdings are instructive with respect to the issue before us in this case.

"The mere fact that parties do not agree to the construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be determined by the court."[22] As this Court recently stated:

> "[c]ontract language is considered ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of words employed and obligations undertaken." Syl. pt. 6, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 212 W. Va. 275, 569 S.E.2d 796 (2002). Also, "[t]he term 'ambiguity' is defined as language reasonably

---

[21] *Id.*

[22] Syl. Pt. 1, *Berkeley Co. Pub. Serv. Dist. v. Vitro Corp.*, 152 W. Va. 252, 162 S.E.2d 189 (1968).

12

susceptible of two different meanings or language of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning." Syl. pt. 4, *Estate of Tawney v. Columbia Nat. Res.*, 219 W. Va. 266, 633 S.E.2d 22 (2006).[23]

Having found that the parties' agreement to arbitrate in this case was clear and unmistakable, we reiterate that

> [i]n determining whether the language of an agreement to arbitrate covers a particular controversy, the federal policy favoring arbitration of disputes requires that a court construe liberally the arbitration clauses to find that they cover disputes reasonably contemplated by the language and to resolve doubts in favor of arbitration.[24]

In this case, there is no question that the severability clause and forfeiture clause "do not relate to or support the operation of the arbitration clause, nor are they otherwise entangled with its operation." Accordingly, it was improper for the circuit court to go outside of the provisions of the arbitration clause to find language to create an ambiguity. As Petitioner properly contends, "because the two references to civil action in the Lease . . . are not located within the same provision as the arbitration agreement" and neither clause directs Respondents that they have a right to file a civil action, the

---

[23] *Salem International University, LLC v. Bates*, 238 W. Va. 229, 235, 793 S.E.2d 879, 885 (2016).

[24] *State ex rel. City Holding Co. v. Kaufman*, 216 W. Va. 594, 598, 609 S.E.2d 855, 859 (2004) (citations omitted).

arbitration provision is not ambiguous and therefore should be enforced. For these reasons, we reverse the circuit court's order denying Petitioner's motion to compel arbitration and remand the case to the circuit court for entry of an order compelling arbitration and dismissing the civil action.

## IV. CONCLUSION

For these reasons, we reverse the October 31, 2016 order of the circuit court and remand this case with directions that it be dismissed and referred to arbitration.

Reversed and remanded.