No. 17-0644 - *Rent-A-Center, Inc. v. Ellis*

**FILED**
**April 30, 2019**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WORKMAN, Justice, concurring:

I concur with the majority's decision as it correctly follows the pro-arbitration law established by Congress, repeatedly upheld by the United States Supreme Court, and adopted by this Court. But as I have previously explained in concurring opinions to *Employee Resource Group, LLC v. Harless*, No. 16-0493, 2017 WL 1371287 (W. Va. April 13, 2017) (memorandum decision) (Workman, J., concurring) and *Salem International University, LLC v. Bates*, 238 W. Va. 229, 793 S.E.2d 879 (2016) (Workman, J., concurring), arbitration agreements are "trump[ing] an individual's right to a jury trial," which is a fundamental right that should be zealously guarded. *Harless*, 2017 WL 1371287, at *7.

The plaintiff below, Anita Ellis, was required to sign an arbitration agreement as part of her employment with Rent-A-Center, Inc. When she was suffered an injury to her right shoulder while moving a refrigerator as part of her employment, she filed a workers' compensation claim and her injury was found compensable. She was then terminated from her employment based upon her absences from work as a result of her compensable injury. She filed a civil action against her employer alleging that her employer had unlawfully terminated her employment by discriminating against her in violation of West Virginia Code §§ 23-5A-1, -3 (2017), which prohibit discriminatory practices by an employer against an

employee, including the filing of a workers' compensation claim and the termination of an injured employee who is receiving or eligible to receive workers' compensation temporary total disability benefits.

The arbitration agreement deprived Ms. Ellis of the right to have a jury determine the facts surrounding the issue of whether her statutory rights were violated. I will continue to express my judicial disdain for these mandatory arbitration agreements prepared by sophisticated businesses and forced upon people as a condition of employment.

For the foregoing reasons, I respectfully concur.