WORKMAN, Justice, concurring:
I concur with the majority's decision as it correctly follows the pro-arbitration law established by Congress, repeatedly upheld by the United States Supreme Court, and adopted by this Court. But as I have previously explained in concurring opinions to Employee Resource Group, LLC v. Harless , No. 16-0493, 2017 WL 1371287 (W. Va. April 13, 2017) (memorandum decision) (Workman, J., concurring) and Salem International University, LLC v. Bates , 238 W. Va. 229, 793 S.E.2d 879 (2016) (Workman, J., concurring), arbitration agreements are "trump[ing] an individual's right to a jury trial," which is a fundamental right that should be zealously guarded. Harless , 2017 WL 1371287, at *7.
The plaintiff below, Anita Ellis, was required to sign an arbitration agreement as part of her employment with Rent-A-Center, Inc. When she was suffered an injury to her right shoulder while moving a refrigerator as part of her employment, she filed a workers' compensation claim and her injury was found compensable. She was then terminated from her employment based upon her absences from work as a result of her compensable injury. She filed a civil action against her employer alleging that her employer had unlawfully terminated her employment by discriminating against her in violation of West Virginia Code §§ 23-5A-1, - 3 (2017), which prohibit discriminatory practices by an employer against an employee, including the filing of a workers' compensation claim and the termination of an injured employee who is receiving or eligible to receive workers' compensation temporary total disability benefits.
*622 The arbitration agreement deprived Ms. Ellis of the right to have a jury determine the facts surrounding the issue of whether her statutory rights were violated. I will continue to express my judicial disdain for these mandatory arbitration agreements prepared by sophisticated businesses and forced upon people as a condition of employment.
For the foregoing reasons, I respectfully concur.