# SUPREME COURT OF THE UNITED STATES

MARMET HEALTH CARE CENTER, INC., ET AL.

11–391　　　　　　　*v.*

CLAYTON BROWN ET AL.

CLARKSBURG NURSING HOME & REHABILITATION CENTER, LLC, DBA CLARKSBURG CONTINUOUS CARE CENTER, ET AL.

11–394　　　　　　　*v.*

SHARON A. MARCHIO, EXECUTRIX OF THE ESTATE OF PAULINE VIRGINIA WILLETT

ON PETITIONS FOR WRITS OF CERTIORARI TO THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

Nos. 11–391 and 11–394.　Decided February 21, 2012

PER CURIAM.

State and federal courts must enforce the Federal Arbitration Act (FAA), 9 U. S. C. §1 *et seq.*, with respect to all arbitration agreements covered by that statute. Here, the Supreme Court of Appeals of West Virginia, by misreading and disregarding the precedents of this Court interpreting the FAA, did not follow controlling federal law implementing that basic principle. The state court held unenforceable all predispute arbitration agreements that apply to claims alleging personal injury or wrongful death against nursing homes.

The decision of the state court found the FAA's coverage to be more limited than mandated by this Court's previous cases. The decision of the State Supreme Court of Appeals must be vacated. When this Court has fulfilled its duty to interpret federal law, a state court may not contradict or fail to implement the rule so established. See U. S. Const., Art. VI, cl. 2.

Per Curiam

I

This litigation involves three negligence suits against nursing homes in West Virginia. The suits were brought by Clayton Brown, Jeffrey Taylor, and Sharon Marchio. In each case, a family member of a patient requiring extensive nursing care had signed an agreement with a nursing home on behalf of the patient. The relevant parts of the agreements in Brown's case and Taylor's case were identical. The contracts included a clause requiring the parties to arbitrate all disputes, other than claims to collect late payments owed by the patient. The contracts included a provision holding the party filing the arbitration responsible for paying a filing fee in accordance with the Rules of the American Arbitration Association fee schedules. The agreement in Marchio's case also included a clause requiring arbitration but made no exceptions to the arbitration requirement and did not mention filing fees.

In each of the three cases, a family member of a patient who had died sued the nursing home in state court, alleging that negligence caused injuries or harm resulting in death. A state trial court dismissed the suits by Brown and Taylor based on the agreements to arbitrate. The Supreme Court of Appeals of West Virginia consolidated those cases with Marchio's, which was before the court on other issues.

In a decision concerning all three cases, the state court held that "as a matter of public policy under West Virginia law, an arbitration clause in a nursing home admission agreement adopted prior to an occurrence of negligence that results in a personal injury or wrongful death, shall not be enforced to compel arbitration of a dispute concerning the negligence." *Brown* v. *Genesis Healthcare Corp.*, No. 35494 (W. Va., June 29, 2011), App. to Pet. for Cert. in No. 11–391, pp. 85a–86a (hereinafter Pet. App.). The state court considered whether the state public policy was

pre-empted by the FAA. The state court found unpersuasive this Court's interpretation of the FAA, calling it "tendentious," *id.*, at 51a, and "created from whole cloth," *id.*, at 53a. It later concluded that "Congress did not intend for the FAA to be, in any way, applicable to personal injury or wrongful death suits that only collaterally derive from a written agreement that evidences a transaction affecting interstate commerce, particularly where the agreement involves a service that is a practical necessity for members of the public," *id.*, at 84a. The court thus concluded that the FAA does not pre-empt the state public policy against predispute arbitration agreements that apply to claims of personal injury or wrongful death against nursing homes.

The West Virginia court's interpretation of the FAA was both incorrect and inconsistent with clear instruction in the precedents of this Court. The FAA provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U. S. C. §2. The statute's text includes no exception for personal-injury or wrongful-death claims. It "requires courts to enforce the bargain of the parties to arbitrate." *Dean Witter Reynolds Inc.* v. *Byrd*, 470 U. S. 213, 217 (1985). It "reflects an emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP* v. *Cocchi*, 565 U. S. \_\_\_, \_\_\_ (2011) *(per curiam)* (slip op., at 3) (quoting *Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth, Inc.*, 473 U. S. 614, 631 (1985); internal quotation marks omitted).

As this Court reaffirmed last Term, "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *AT&T Mobility LLC* v. *Concep-*

*cion*, 563 U. S. ___, ___ (2011) (slip op., at 6–7). That rule resolves these cases. West Virginia's prohibition against predispute agreements to arbitrate personal-injury or wrongful-death claims against nursing homes is a categorical rule prohibiting arbitration of a particular type of claim, and that rule is contrary to the terms and coverage of the FAA. See *ibid.* See also, *e.g., Preston* v. *Ferrer*, 552 U. S. 346, 356 (2008) (FAA pre-empts state law granting state commissioner exclusive jurisdiction to decide issue the parties agreed to arbitrate); *Mastrobuono* v. *Shearson Lehman Hutton, Inc.*, 514 U. S. 52, 56 (1995) (FAA pre-empts state law requiring judicial resolution of claims involving punitive damages); *Perry* v. *Thomas*, 482 U. S. 483, 491 (1987) (FAA pre-empts state-law requirement that litigants be provided a judicial forum for wage disputes); *Southland Corp.* v. *Keating*, 465 U. S. 1, 10 (1984) (FAA pre-empts state financial investment statute's prohibition of arbitration of claims brought under that statute).

## II

The West Virginia court proposed an "alternativ[e]" holding that the particular arbitration clauses in Brown's case and Taylor's case were unconscionable. Pet. App. 89a–91a, 94a. See also *id.*, at 98a (not addressing the question whether the arbitration agreement in Marchio's case is unenforceable for reasons other than public policy). It is unclear, however, to what degree the state court's alternative holding was influenced by the invalid, categorical rule discussed above, the rule against predispute arbitration agreements. For example, in its discussion of the alternative holding, the state court found the arbitration clauses unconscionable in part because a predispute arbitration agreement that applies to claims of personal injury or wrongful death against nursing homes "clearly violates public policy." *Id.,* at 91a.

Per Curiam

On remand, the West Virginia court must consider whether, absent that general public policy, the arbitration clauses in Brown's case and Taylor's case are unenforceable under state common law principles that are not specific to arbitration and pre-empted by the FAA.

\*    \*    \*

The petition for certiorari is granted. The judgment of the Supreme Court of Appeals of West Virginia is vacated, and the cases are remanded for proceedings not inconsistent with this opinion.

*It is so ordered.*