No. 13-0379 – *Wayne Kirby and Joyce Kirby v. Lion Enterprises, Inc., and T/A Bastian Homes*

**FILED**

**March 7, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, concurring:

I agree with the majority that this case should be remanded to the trial court to determine whether the arbitration provision is unenforceable because it is unconscionable under West Virginia's general contract law.

Because this contract involves parties from two different states it affects interstate commerce. Therefore, the interpretation of the arbitration provision is governed by the Federal Arbitration Act ("FAA")[1] and not by the common law principles of arbitration discussed in *Harley Miller I* and *II*.[2]

The FAA raises the doctrine of severability which holds that only if a party explicitly challenges the enforceability of the arbitration provision is a court permitted to consider challenges to the arbitration clause. However, the trial court is still permitted, under state contract law, to weigh the unconscionability of the arbitration provision in

---

[1] "Under the Federal Arbitration Act, 9 U.S.C. § 2, a written provision to settle by arbitration a controversy arising out of a contract that evidences a transaction affecting interstate commerce is valid, irrevocable, and enforceable, unless the provision is found to be invalid, revocable or unenforceable upon a ground that exists at law or in equity for the revocation of any contract." Syllabus Point 6, *Brown ex rel. Brown v. Genesis Healthcare Corp.*, 228 W. Va. 646, 656, 724 S.E.2d 250, 260 (2011) cert. granted, judgment vacated sub nom. *Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 182 L. Ed. 2d 42 (U.S. 2012).

[2] *See Bd. of Ed. of Berkeley Cnty. v. W. Harley Miller, Inc.*, 159 W.Va. 120, 221 S.E.2d 882 (1975) and *Bd. of Ed. of Berkeley Cnty. v. W. Harley Miller, Inc.*, 160 W.Va. 473, 474, 236 S.E.2d 439, 441 (1977).

1

light of other provisions in the contract that affect the operation of the arbitration provision.  As this Court has said,

> Under the Federal Arbitration Act, 9 U.S.C. § 2, and the doctrine of severability, only if a party to a contract explicitly challenges the enforceability of an arbitration clause within the contract, as opposed to generally challenging the contract as a whole, is a trial court permitted to consider the challenge to the arbitration clause.  However, the trial court may rely on general principles of state contract law in determining the enforceability of the arbitration clause.  If necessary, the trial court may consider the context of the arbitration clause within the four corners of the contract, or consider any extrinsic evidence detailing the formation and use of the contract.[3]

Put another way, "the law of this state – and virtually every other state – is that '[a]n analysis of whether a contract term is unconscionable necessarily involves an inquiry into the circumstances surrounding the execution of the contract and the fairness of the contract *as a whole*."[4]

In my review of the arbitration provision and the terms of the contract relating to the provision, I find several issues within the contract that may render enforcement of the arbitration provision unconscionable.  These problems should be considered by the circuit court during the unconscionability analysis on remand.  For instance:

---

[3] Syllabus Point 4, *State ex rel. Richmond Am. Homes of W. Virginia, Inc. v. Sanders*, 228 W.Va. 125, 717 S.E.2d 909 (2011).

[4] *Id.*, 228 W.Va. at 134, 717 S.E.2d at 918.

2

### 1. Paragraph 12 – Confessing Judgment

The contract requires the petitioners (the owners of the new house) to arbitrate *all* of their disputes arising from the contract. Conversely (and perversely), Paragraph 12 allows the respondent (contractor) to bring a lawsuit against the owners for any breach of any provision of the contract. Worse, Paragraph 12 "irrevocably" authorizes and empowers the contractor to hire an attorney "to appear for and confess judgement [sic]" against the owners in any court of record in "Pennsylvania or elsewhere," without providing any notice to the owners. Paragraph 12 also allows the contractor to recover attorney fees, litigation costs, and 15% interest, all remedies that are denied to the owners.

This contract provision lacks any modicum of bilaterality or mutuality of obligation. A contract that lacks mutual reciprocal obligations (for instance, "a contract which requires the weaker party to arbitrate any claims he or she may have, but permits the stronger party to seek redress through the courts") may be so one-sided and unreasonably unfair to one part that it is unconscionable.[5]

---

[5] *Dan Ryan Builders, Inc. v. Nelson*, 230 W.Va. 281, 290, 737 S.E.2d 550, 559 (2012) ("Such 'unilateral' arbitration clauses lend themselves extremely well to the application of the doctrine of unconscionability because the right the clause bestows upon its beneficiary is so wholly one-sided and unfair that the courts should feel no reluctance in finding it unacceptable" (citations omitted)).

## 2. Paragraph 19 – Venue

The house in dispute was built on a plot of land owned by the petitioners in Fairmont, West Virginia. The contract originated at the contractor's office located in Uniontown, Pennsylvania. Paragraph 19 of the contract (which is the arbitration provision) requires that any arbitration proceeding be conducted in the office in which the contract originated – that is, Uniontown, Pennsylvania (some 45 or 50 miles away from the petitioner's residence) unless the contractor agrees otherwise.

The distance from the site of the petitioner's home to the contractor's office is a factor the trial court can weigh in determining if the arbitration provision is unconscionable. If a contract provision "would impose unreasonably burdensome costs upon or would have a substantial deterrent effect upon a person seeking to enforce and vindicate rights and protections or to obtain statutory or common-law relief and remedies that are afforded by or arise under state law that exists for the benefit and protection of the public," then the court may consider the provision unconscionable.[6]

## 3. Paragraph 19 – choice of arbitrators

The contractor's business office is in Uniontown, Pennsylvania. Paragraph 19 requires that each of the three arbitrators be "a qualified residential contractor" having an office or primarily doing work within a reasonable radius of the Uniontown office.

---

[6] *State ex rel. Richmond Am. Homes of W. Virginia, Inc. v. Sanders*, 228 W.Va. 125, 137, 717 S.E.2d 909, 921 (2011) (quoting Syllabus Point 4, *State ex rel. Dunlap v. Berger*, 211 W.Va. 549, 567 S.E.2d 265 (2002)).

This provision may be unconscionable, because it appears to give a lopsided, unfair advantage to the contractor. Only the contractor knows qualified residential contractors in the area of its office, as opposed to the owners from Fairmont, West Virginia.

### 4. Paragraph 19 – Conflict between contract and AAA rules

Paragraph 19 requires the parties' arbitration to be "conducted in accordance with the rules of the American Arbitration Association[.]" The AAA rules provide that the AAA will choose a neutral arbitrator. Nevertheless, Paragraph 19 conflicts with the AAA rules, and says that the parties will pick three arbitrators who are residential contractors located near the contractor's office. These arbitrators appear to be anything but neutral.

### 5. Paragraph 19 – Prepayment of disputed amounts

Paragraph 19 requires the owner to pay into an escrow account "any amounts which are in dispute and subject to arbitration" before being allowed to file an arbitration proceeding against the contractor. As I noted previously, this provision imposes costs that certainly may discourage the owner from pursuing arbitration and causes an arbitration resolution of the dispute to be cost prohibitive.

The parties did not present any unconscionability issues to the circuit court. On remand, it is up to the parties to study the contract, develop the facts about any

5

unfairness in the making and terms of the arbitration clause, and read the law before presenting the matter to the circuit court.

And on remand, the circuit court must keep in mind that "the courts of this State are not hostile to arbitration or to adhesion contracts.  We are hostile toward contracts of adhesion that are unconscionable and rely upon arbitration as an artifice to defraud a weaker party of rights clearly provided by the common law or statute."[7]

---

[7] *State ex rel. Richmond Am. Homes of W. Virginia, Inc. v. Sanders*, 228 W.Va. at 129, 717 S.E.2d at 913.