J-A07026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANTHONY TARLI, AS ADMINISTRATOR FOR THE ESTATE OF DOLLY I. TARLI, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GRANE HEALTHCARE COMPANY, RIVERSIDE CARE CENTER, LLC D/B/A RIVERSIDE CARE CENTER, AND RIVERSIDE NURSING CENTERS, INC. | |
| Appellants | No. 1434 WDA 2014 |

Appeal from the Order August 20, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD 14-003221

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED JULY 16, 2015**

We affirm the order overruling Appellants' preliminary objections in the nature of a petition to compel arbitration based on our recent decision in ***Taylor v. Extendicare Health Facilities, Inc.***, 113 A.3d 317 (Pa. Super. 2015).

As we originally set forth in ***Pisano v. Extendicare Homes, Inc.***, 77 A.3d 651 (Pa. Super. 2013), non-signatory wrongful death beneficiaries are not bound by arbitration agreements signed by or on behalf of a decedent.[1]

_____

[1] Riverside attempts to distinguish **Pisano** on the basis that here, the individual who signed the arbitration agreement as an agent under a power of attorney, Anthony Tarli, is also a wrongful death beneficiary.  Riverside
*(Footnote Continued Next Page)*

In **Taylor**, we further held that Pa.R.C.P. 213(e) and the wrongful death statute, 42 Pa.C.S.A. § 8301(a), require that a survival act claim otherwise subject to the terms of an arbitration agreement be consolidated with a wrongful death claim where the wrongful death beneficiaries are not bound by the arbitration agreement and do not consent to arbitration.[2]  In doing so, we stated as follows:

> The issues are identical in the two actions.  Litigation in two forums increases the potential for inconsistent liability findings between the wrongful death and survival actions.  Furthermore,

*(Footnote Continued)* ───────────────

asserts that "[i]t would be inequitable to enforce a legal fiction allowing [Tarli] to claim [he]could bind [his] mother but not [him]self.  Brief of Appellant, at 10.  This argument ignores the distinction between fiduciary and individual capacities.  Tarli clearly executed the agreement in his fiduciary capacity as agent for his mother and not in his individual capacity.  **See** Agreement to Arbitrate, 3/24/11, at 2. Thus, Tarli, individually, was not a party to the agreement and, as such, is not bound by its terms.

[2] Appellants also argue that appellant Grane Healthcare, although not a signatory to the arbitration agreement, was nonetheless a third-party beneficiary of the agreement and, thus, may compel arbitration.  However,

> a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, unless, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

**Scarpitti v. Weborg**, 609 A.2d 147, 150-51 (Pa. 1992).  Here, the agreement itself evidences no intention that Grane be included within its scope and Appellants have offered no other evidence of such intent.

- 2 -

the damages overlap. Although lost earnings are generally recoverable in the survival action, they may take the form of lost contributions to the decedent's family, which are wrongful death damages. Lost earnings includes loss of retirement and social security income. Generally, hospital, nursing, and medical expenses are recoverable under either the wrongful death or survival act.

*Taylor*, 113 A.3d at 327 (citation omitted).

We also considered the application of the Federal Arbitration Act ("FAA") and the impact of the U.S. Supreme Court's decision in *Marmet Health Care Ctr., Inc. v. Brown*, 132 S.Ct 1201 (2012), concluding:

The [wrongful death] statute and rule at issue are not aimed at destroying arbitration and do not demand procedures incompatible with arbitration. Nor are they so incompatible with arbitration as to wholly eviscerate arbitration agreements. On the facts herein, the wrongful death beneficiaries' constitutional right to a jury trial and the state's interest in litigating wrongful death and survival claims together require that they all proceed in court rather than arbitration. In so holding, we are promoting one of the two primary objectives of arbitration, which is to achieve streamlined proceedings and expeditious results.

*Taylor*, 113 A.3d at 327-28 (citations and quotation marks omitted).

In sum, the consolidation of the wrongful death and survival claims does not offend the stated goals of the FAA. Moreover, it promotes judicial economy and public policy interests, which are best served by allowing for the resolution of all claims with all parties present and avoiding inconsistent verdicts and duplicative damages. Accordingly, the trial court did not err in declining to compel arbitration of either the wrongful death or survival act claims and requiring the two actions to proceed together in court.

Order affirmed; motion to quash denied.

J-A07026-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/2015