J-A21017-14

2016 PA Super 15

| | |
|---|---|
| ROY J. BURKETT JR., ADMINISTRATOR OF THE ESTATE OF NANNIE BURKETT, DECEASED AND IN HIS OWN RIGHT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ST. FRANCIS COUNTRY HOUSE, CATHOLIC HEALTHCARE SERVICES AND ARCHDIOCESE OF PHILADELPHIA | |
| Appellant | NO. 2633 EDA 2013 |

Appeal from the Order Dated August 16, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): October Term, 2012, No. 002585

BEFORE:  BOWES, J., OTT, J., and STRASSBURGER, J.*

CONCURRING STATEMENT BY BOWES, J.:          **FILED JANUARY 25, 2016**

I agree with the learned majority that *Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa.Super. 2015), *allocatur granted* 122 A.3d 1036 (Pa. 2015), is controlling herein.  However, unlike my colleagues, I am not constrained to apply this decision as I do not believe our law requiring consolidation of wrongful death and survival actions is pre-empted by the Federal Arbitration Act ("FAA").  Furthermore, I wish to address my colleagues' belief that, contrary to our statement in *Taylor*, wrongful death and survival actions do not involve the same issues because they are distinct claims.

*Retired Senior Judge assigned to the Superior Court

The majority views *Taylor* as a bright-line rule requiring consolidation that will operate to preclude arbitration of all wrongful death and survival actions. It suggests, without expressly so stating, that it is no different than the categorical prohibition of arbitration of wrongful death and survival actions held pre-empted in *Marmet Health Care Ctr, Inc. v. Brown*, 132 S.Ct 1201 (U.S. 2012). I submit that one need look no further that this Court's recent decision in *MacPherson v. Magee Mem. Hosp. for Convalescence*, 2015 PA Super 248 (Pa.Super. 2015) (*en banc*), to see the fallacy in that reasoning. Therein, the wrongful death and survival actions against the nursing home were consolidated in arbitration. Thus, I submit that Pa.R.C.P. 213(e) and the Wrongful Death Act, 42 Pa.C.S. § 8301, do not categorically prohibit the arbitration of such claims, are not anti-arbitration, and do not invalidate arbitration agreements under state law contract principles applicable only to arbitration. They are arbitration neutral for the reasons cited in *Taylor* and are not pre-empted by the FAA.

The majority also takes issue with the statement in *Taylor* that the issues in the wrongful death and survival actions are identical. In support thereof, it points out that they are distinct claims belonging to and benefitting different persons. I do not disagree that the claims are distinct. However, as we recognized in *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 654 (Pa.Super. 2013), "a wrongful death action 'lies in the tortious act which would support a survival action.'" Hence, the underlying

liability is derived from the same tortious acts. In deciding wrongful death as well as survival claims, the factfinder must determine whether the conduct of a defendant was wrongful, and, if so, whether that negligent or intentional conduct was the factual cause of the decedent's injury and/or death. In the case of negligence asserted against multiple defendants, the factfinder may be required to apportion liability among the defendants. There is a potential for factfinders operating in different forums to arrive at inconsistent findings of negligence or causation.

Even if liability determinations are consistent, duplicative damages may be awarded in the separate actions. Although the majority dismisses that risk as *de minimis* because an elderly decedent would not likely have a significant claim for lost earnings, this rationale is shortsighted. Wrongful death and survival actions are not restricted to the elderly. Furthermore, as we noted in **Taylor**, **supra** at 327, the potential for duplication also extends to "hospital, nursing, and medical expenses" that are "[g]enerally . . . recoverable under either the wrongful death or survival act."

As the majority notes, *allocatur* has been granted to review our decision in **Taylor**. Thus, our High Court is poised to answer the question whether Pennsylvania law requiring consolidation of wrongful death and survival actions is in conflict with the FAA, and hence, pre-empted by that statute.