No. 22-0007 – *Ford Motor Credit Company, LLC, v. Ronald R. Miller*

**FILED**
**May 30, 2023**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Hutchison, concurring:

I write separately to discuss Syllabus Point 3, which says that a party seeking to enforce an arbitration agreement "must make an initial, prima facie showing that the arbitration agreement exists between the parties." I do not entirely agree with the majority opinion's categorization of a "prima facie showing" as a "light" evidentiary burden, in part because the term "light" carries connotations that the burden can be met with insubstantial or flimsy evidence. That is absolutely not the intent of this Court's opinion.

The proponent of an arbitration agreement has the prima facie burden of laying out the essential elements of an enforceable contract: "an offer and an acceptance supported by consideration." *Dan Ryan Builders, Inc. v. Nelson*, 230 W. Va. 281, 287, 737 S.E.2d 550, 556 (2012). The proponent must also prove that the dispute is covered by the substantive scope of the arbitration agreement. Syl. pt. 4, *Golden Eagle Res., II, L.L.C. v. Willow Run Energy, L.L.C.*, 242 W. Va. 372, 836 S.E.2d 23 (2019); Syl. pt. 2, *State ex rel. TD Ameritrade, Inc. v. Kaufman*, 225 W. Va. 250, 692 S.E.2d 293 (2010). And in doing so, the proponent can only rely upon evidence that may be considered by a judge under the Rules of Civil Procedure.

In many cases, a printed copy of a contract is sufficient to prove the prima facie existence of a mutual agreement, for a simple reason: the other side does not object to the offered evidence of the agreement. "The term 'prima facie' refers to evidence that, without contradiction, tends to prove a fact[.]" *Miller v. WesBanco Bank, Inc.*, 245 W. Va.

1

363, 389, 859 S.E.2d 306, 332 (2021). "Prima facie evidence is evidence that, until its effect is overcome by other evidence, will suffice as proof of a fact in issue. In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party." *Serafine v. Blunt*, 466 S.W.3d 352, 358 (Tex. App. 2015). "Perhaps a more exact legal definition is that it is such as is, in judgment of law, sufficient to establish the ultimate fact, and, if not explained or rebutted, remains sufficient for that purpose." *Miller*, 245 W. Va. at 389, 859 S.E.2d at 332 (quoting *State v. Tincher*, 81 W. Va. 441, 445, 94 S.E. 503, 505 (1917)). That is effectively what happened in this case: Ford Credit attached to its complaint a document it claims was a contract signed by Mr. Miller, and later attached an identical copy to its motion to compel arbitration. Mr. Miller relied upon the same document in his counterclaim against Ford Credit. Nowhere in the record did Mr. Miller explain, rebut, or contradict Ford Credit's claim that the document is what Ford Credit claims it is: a contract to arbitrate between Mr. Miller and Ford Credit.

Hence, in many cases, a printed copy of an arbitration contract signed by the parties is sufficient to make a prima facie case to a judge that an arbitration agreement exists. But when an opposing party resists arbitration and tests the proponent's evidence of an arbitration contract, the judge can say a prima facie case has not been made. When the party resisting arbitration substantively challenges the admissibility or authenticity or probative effect of the printed copy, or offers some other evidence, or asserts there was no mutual agreement to arbitrate, the party seeking arbitration must then drill down into the rules of evidence and go further to establish the essential elements of an arbitration

2

contract. When there are factual disputes regarding the existence of an arbitration agreement, such as an allegation the document is not authentic, then the judge must permit discovery or conduct an evidentiary hearing or even a jury trial (for instance, to assess whether an agreement was formed, or whether the parties intended to be bound by the agreement evidenced in the printed contract). The existence and effect of a contract often involves mixed questions of law and fact. Only once there is enough admissible evidence for the judge to say there is a contract does the burden shift to the opposing side to show the arbitration agreement is invalid or unenforceable for some other reason (like unconscionability).[1]

I otherwise concur with the majority's opinion.

---

[1] For instance, in *Trout v. Winner Ford*, 2018 WL 6613644 (N.J. Super. Ct. App. Div. Dec. 18, 2018), an appellate court examined a Ford-drafted arbitration agreement similar to the one at hand. The court noted that parties must clearly and unambiguously agree to arbitration, and "'courts take particular care in assuring the knowing assent of both parties to arbitrate, and a clear mutual understanding of the ramifications of that assent.'" *Id.* at *3 (quoting *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 313 (N.J. 2014)). *See also*, Syl. pt. 10, *Brown ex rel. Brown v. Genesis Healthcare Corp.*, 228 W. Va. 646, 657, 724 S.E.2d 250, 261 (2011), cert. granted, judgment vacated on other grounds sub nom. *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530 (2012) ("[P]arties are only bound to arbitrate those issues that by clear and unmistakable writing they have agreed to arbitrate. An agreement to arbitrate will not be extended by construction or implication."). The New Jersey court noted that the Ford arbitration clause provided that either party "*may* choose at any time, including after a lawsuit is filed," to submit their claim to arbitration. *Trout*, 2018 WL 6613644 at *3 (emphasis added). The court concluded that the arbitration clause was not enforceable because "use of the passive 'may' when referring to a party's ability to opt into arbitration does not constitute a clear and unambiguous statement informing the reader that arbitration is the exclusive remedy." *Id.* at *4.